### COLUMBUS ALEXANDER v. THE STATE.

No. 140.   Decided November 10, 1909.

**Carrying Brass Knuckles—Sufficiency of the Evidence—Traveler.**

Where, upon trial of unlawfully carrying brass knuckles, the State's evidence showed that the defendant deflected from his course of travel and carried the brass knuckles about town to different places, the conviction is sustained, although under the defendant's testimony he was shown to be a traveler within the purview of the statute. Following Stilly v. State, 27 Texas Crim. App., 445.

Appeal from the County Court of Wood. Tried below before the Hon. R. M. Smith.

Appeal from a conviction of unlawfully carrying about his person knuckles made out of metal; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying about his person brass knucks. The evidence in substance shows that appellant had gone from one county to another on a hauling expedition. When he reached the town of Winsboro he left his wagon and went about the streets and made some purchases. The officer who arrested him testifies that he saw defendant in the town of Winsboro going towards his wagon and followed him; that he was about fifteen or twenty steps behind him and reached him just as the appellant got in his wagon, and arrested him. Upon searching him he found the knucks in his hip pocket under a bottle of whisky or alcohol. This witness says the defendant did not get the knucks out of the wagon; that he had not had time to do so; that he had just reached the wagon and picked up the lines when he, the officer, arrested him. Under his, the officer's, testimony appellant would not have had time to have got the knucks from any part of the wagon and placed them in his hip pocket where the officers found them. He denies seeing a sack of flour in the wagon. The deputy city marshal also testifies that he was present when defendant was arrested; that when he first saw him he was going from Thomas' store to his wagon; that appellant then went to Harris' saloon where he bought a bottle of whisky or alcohol. The defendant's evidence goes to show two facts, first, that he was a traveler within the purview of the statute. This is not denied, nor in any way controverted. The second is that he found the knucks on the side of the road and placed them in his wagon and did not carry them about the town with him, but placed them in his pocket after returning to the wagon. This is the case in a nutshell. If the testimony of the officers is correct, then appellant was guilty of violating the law. If a traveler, he had no right to carry the brass knucks around town where he was making purchases. Stilly v. State, 27 Texas Crim. App., 445. Under the officers' testimony appellant left his wagon while in the town of Winsboro, went about the town to different houses, and the testimony also shows he purchased a bottle of whisky at a saloon and a sack of flour at a grocery store. This, under the case of Stilly v. State, supra, and the line of cases in harmony with that case would support the conviction. Under his testimony there was no violation of the law. He was not guilty of violating the law in carrying the knucks in his wagon and if, on returning to the wagon, he took them out of his wagon and placed them in his pocket, he would not be guilty of violating the law. The case was tried before.

the court and he having found the facts against appellant we do not feel justified in setting aside the conviction. We are therefore of opinion there is evidence sufficient to support the conviction and the judgment is therefore affirmed.

*Affirmed.*