## LEO SMITH v. THE STATE.

### No. 3802. Decided October 13, 1915.

### Rehearing denied November 10, 1915.

Carrying Pistol—Traveler—Sufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant was arrested while engaged in burglarizing a house with a pistol on his person, and was seen to go to several houses, all of which was not incident to the alleged journey which he set up as a defense, the conviction is sustained. Following Alexander v. State, 57 Texas Crim. Rep., 252, 122 S. W. Rep., 387.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Graves & Houtchens,* for appellant.—On question of traveler: Shelton v. State, 27 Texas Crim. App., 443; Mays v. State, 101 S. W. Rep., 233; Garrison v. State, 54 Texas Crim. Rep., 600, 114 S. W. Rep., 128.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol and his punishment assessed at thirty days confinement in the county jail.

Appellant presents but one assignment of error, and that is, he contends that the evidence raises the issue he was a traveler at the time of his arrest, and had a right to carry the pistol, and the court erred in refusing to give his special charge presenting that issue. He testifies his home is Atlanta, Georgia, but the last place he worked was in New Orleans, Louisiana. That he had been in Galveston, Alvin, Houston, Waco, Hillsboro and Fort Worth in search of work. That he had been in Fort Worth at the time of his arrest for five days, but says that on the morning of his arrest he boarded a freight train, intending to leave Fort Worth, but was put off at Polytechnic. If this was all the testimony the issue might be raised, although we are inclined to think not so, for from his testimony, the conclusion is inevitable that he had the pistol on him all the five days he was in Fort Worth, and if so, he had for the time being ceased his journey, and could not carry a pistol on his person as he went about the streets of Fort Worth day after day, even though he was searching for work, as he contends. (Alexander v. State, 57 Texas Crim. Rep., 252, 122 S. W. Rep., 387.) But the evidence goes further in this case, and there is no dispute as to such facts. If appellant, as he contends, got on the train to leave Fort Worth, and was put off at Polytechnic, he was seen sitting on the railroad track about one-half mile from where he was arrested. When he left the railroad track he was seen to go to several houses, and when finally

arrested at Mr. Latimore's house, with a pistol on his person, he admits he was engaged in burglarizing the house. This was not incident to his journey, and he had .ceased his travels, and engaged in an unlawful enterprise.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 10, 1915.—Reporter.]